UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY OWENS,

       Plaintiff,

                                                   CASE NO. 2:07-CV-13585
      v.                               JUDGE GERALD E. ROSEN
                                                   MAGISTRATE JUDGE PAUL KOMIVES

STATE TROOPER OSBOURNE,
et al.,

       Defendants.
                                            /

**REPORT AND RECOMMENDATION ON DEFENDANTS MOODY AND DAVIS'S MOTION TO DISMISS (docket #7)**

I.      RECOMMENDATION: The Court should grant the motion to dismiss filed by defendants Mood and Davis.

II.     REPORT:

A.     *Procedural Background*

Plaintiff Gary Owens, proceeding *pro se*, commenced this civil rights action on August 27, 2007. Defendants are State Trooper Osbourne, the Michigan State Police, the Commissioner of Michigan State Police, Wayne County Deputy Chief Prosecutor Brian T. Moody, and Wayne County Assistant Prosecutor Charles S. Davis. Plaintiff brings claims for violation of his civil rights pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. Plaintiff alleges that, on February 17, 2007, he was pulled over for a traffic violation by defendant Osbourne. He claims that Osbourne was engaged in racial profiling and that he was pulled over solely because he is African American. Plaintiff claims that Osbourne had no probable cause to stop his vehicle, demand his driver's licence, or search the vehicle. Plaintiff alleges that, as a result of this search, Osbourne confiscated from him $1,696 in currency, even though he was not arrested nor were any drugs recovered in the vehicle. *See* Compl., ¶¶ 10-15.

Plaintiff alleges that Osbourne and defendant Davis conspired on April 11, 2007, by filing a complaint for forfeiture in the Wayne County Circuit Court. *See id.*, ¶ 16. Plaintiff also alleges that all of the defendants conspired to deprive him of his money by filing the forfeiture action. *See id.*, ¶ 21. As specifically relevant to the instant motion, plaintiff alleges that:

> [D]efendant Osbourne conspired with defendant Davis and Moody to use the court system process to undermin[e] the equal protection of the law to Mr. Owens and forfeited the $1,696.00 and returned some of the money and kept the rest without explaining where the money would go and threaten further actions if $1100.00 isn't accepted. By law this was a judicial robbery and forfeited the rest of the money property [sic].

*Id.*, ¶ 8.

The matter is currently before the Court on the motion of defendant Moody and Davis to dismiss, filed on November 16, 2007. Defendants argue that they are entitled to dismissal under Rule 12(b)(6) because they are absolutely immune from suit for actions taken in their roles as state prosecutors. Plaintiff filed a response to the motion on May 1, 2008, and defendants filed a reply on May 14, 2008. Plaintiff filed a surreply on June 17, 2008. For the reasons that follow, the Court should grant the motion to dismiss, and should dismiss plaintiff's claims against defendants Moody and Davis.[1]

B.   *Legal Standard*

A motion to dismiss for failure to state a claim upon which relief can be granted is provided for in FED. R. CIV. P. 12(b)(6). In order for a court to dismiss a complaint for failure to state a claim,

---

[1]In their reply, defendants argue that the Court should strike plaintiff's response to their motion to dismiss as untimely. Because plaintiff is proceeding *pro se*, and because in any event it does not alter the outcome, the Court should decline to strike plaintiff's response. Further, by Order entered this date I have conditionally granted plaintiff's request for appointment of counsel. Because the instant motion involves a simple and clear issue of law which has been fully and ably briefed by plaintiff, resolution of this motion would not benefit from additional briefing by counsel, and thus consideration of this motion need not be deferred.

it must appear beyond doubt that the party asserting the claim can prove no set of facts supporting his claim that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The party asserting the claim is not required to specifically set out the facts upon which he or she bases his claim. *Id*. at 47. Rather, "a short and plain statement of the claim" pursuant to FED. R. CIV. P. 8(a)(2) gives the opposing party fair notice of the claim and the grounds upon which it rests. *See Conley*, 355 U.S. at 47.

In deciding a motion to dismiss, a court "'must construe the complaint in the light most favorable to the [party asserting the claim], accept all of the complaint's factual allegations as true, and determine whether the [party asserting the claim] undoubtedly can prove no set of facts in support of his claim that would entitle him to relief.'" *In re Cardizem CD Antitrust Litig.*, 332 F.3d 896, 909 (6th Cir. 2003) (quoting *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir.2001)). Further, "'[w]hen an allegation is capable of more than one inference, it must be construed in the plaintiff's favor.'" *In re Cardizem CD*, 332 F.3d at 909 (quoting *Helwig v. Vencor, Inc.*, 251 F.3d 540, 553 (6th Cir.2001) (internal citations omitted)). "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley*, 355 U.S. at 48. Dismissal is appropriate if the complaint fails to set forth sufficient allegations to support any material element the asserted claim. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 489-90 (6th Cir. 1990).

A court can only decide a Rule 12(b)(6) motion on the basis of the pleadings; if the court considers matters outside the pleadings, the court must convert the motion into one for summary judgment under Rule 56. *See Kostrzewa v. City of Troy*, 247 F.3d 633, 643-44 (6th Cir. 2001); *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997).

C.   *Analysis*

Although § 1983, by its language, provides for an action against "every person" who violates another person's rights under color of state law, the Supreme Court has recognized "that Congress did not intend § 1983 to abrogate immunities 'well grounded in history and reason.'" *Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993) (quoting *Tenney v. Brandhove*, 341 U.S. 367, 376 (1951)). Most officials are protected by qualified immunity, which protects officials to the extent that their conduct does not violate clearly established rights of which a reasonable official would have been aware. However, the Court has also recognized "that some officials perform 'special functions' which, because of their similarity to functions that would have been immune when Congress enacted § 1983, deserve absolute protection from damages liability." *Buckley*, 509 U.S. at 268-69.

Among the few officials protected by such absolute immunity are prosecutors performing prosecutorial functions. As the Supreme Court has explained, whether a prosecutor is entitled to absolute immunity from a particular claim involves a functional approach "which looks to 'the nature of the function performed, not the identity of the actor who performed it.'" *Buckley*, 509 U.S. at 269 (quoting *Forrester v. White*, 484 U.S. 219, 229 (1988)); *see also*, *Kalina v. Fletcher*, 522 U.S. 118, 125-26 (1997); *Burns v. Reed*, 500 U.S. 478, 486 (1991). This functional inquiry is guided by "'the immunity historically accorded the relevant official at common law and the interests behind it.'" *Buckley*, 509 U.S. at 269 (quoting *Imbler v. Pachtman*, 424 U.S. 409 (1976)). As the Court has observed, these interests "support[] a rule of absolute immunity for conduct of prosecutors that [is] 'intimately associated with the judicial phase of the criminal process.'" *Buckley*, 509 U.S. at 270 (quoting *Imbler*, 424 U.S. at 430). A prosecutor is not, however, protected for acts which are more appropriately characterized as administrative or investigatory. *See Buckley*, 509 U.S. at 270; *Imbler*, 424 U.S. at 431 & n.33.

Here, the only allegations against defendants Moody and Davis are that they initiated and prosecuted a forfeiture action in the state court. Plaintiff argues that, because there were no criminal charges filed against him and the forfeiture did not take place in a criminal proceeding, defendants are not entitled to absolute immunity. This argument is foreclosed by the Sixth Circuit's decisions recognizing prosecutorial immunity in these circumstances. In *Cooper v. Parish*, 203 F.3d 937 (6th Cir. 2000), the court noted that a number of courts of appeals have held "that prosecutors are protected by absolute immunity when their duties are functionally analogous to those of a prosecutor's, regardless of whether those duties are performed in the course of a civil or criminal action." *Id*. at 947. Agreeing with this approach, the court explicitly found that a prosecutor is entitled to absolute immunity for actions in initiating and prosecuting a civil forfeiture action "as long as the prosecutors were functioning in an enforcement role and acting as advocates for the state." *Id*. In *Blakely v. United States*, 276 F.3d 853 (6th Cir. 2003), the court again held that a prosecutor is entitled to absolute immunity for his role in initiating and prosecuting a civil forfeiture action. *See id*. at 871. And in *Skinner v. Govorchin*, 463 F.3d 518 (6th Cir. 2006), the court held that an assistant attorney general was entitled to absolute immunity with respect to his actions in seeking costs against the plaintiff in a civil suit, because the assistant attorney general was acting as an advocate for the state. *See id*. at 525. Other courts have reached the conclusion that prosecutors are entitled to absolute immunity in a wide array of civil contexts. *See, e.g.*, *Smith v. Power*, 346 F.3d 740, 742-43 (7th Cir. 2003) (initiation of civil action to demolish house); *Gray v. Poole*, 243 F.3d 572, 577 (D.C. Cir. 2001) (initiation and prosecution of civil child neglect proceeding); *Reitz v. County of Bucks*, 125 F.3d 139, 146 (3d Cir. 1997) (civil forfeiture proceeding); *cf. Butz v. Economou*, 438 U.S. 478, 515-16 (1978) (executive department officials performing role analogous to that of prosecutor in agency administrative proceeding entitled to absolute immunity).

Here, plaintiff's only allegations against defendants Moody and Davis are that they initiated and prosecuted the civil forfeiture action. In doing so, Moody and Davis were functioning in an enforcement role as advocates of the state. Thus, Moody and Davis are entitled to absolute immunity with respect to plaintiff's claims against them.

Of course, defendants are entitled to absolute prosecutorial immunity only to the extent that plaintiff asserts his claims against them in their individual capacities. To the extent that they are sued in their official capacities, absolute immunity is inapplicable. "To the extent that a state official is sued in his official capacity, 'the only immunities available to [him] . . . are those that the governmental entity possesses.'" *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993) (quoting *Hafer v. Melo*, 502 U.S. 21, 25 (1991)) (alterations by quoting court); *see also*, *Kentucky v. Graham*, 473 U.S. 159, 167 (1985). The defense of absolute prosecutorial immunity is a personal defense, and may not be asserted by a governmental entity. *See Owen v. City of Independence*, 445 U.S. 622, 638 (1980).

However, to the extent that defendants Moody and Davis are sued in their official capacities, plaintiff's claims are barred by the State's sovereign immunity under the Eleventh Amendment. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. Although the amendment expressly prohibits only suits against states by citizens of other states, the Supreme Court has long held that the Eleventh Amendment also bars suits by citizens of the state being sued. *See Hans v. Louisiana*, 134 U.S. 1 (1890); *Welch v. Texas Dep't of Highways and Public Transp.*, 483 U.S. 468, 472-73 (1987) (plurality opinion). This immunity is based on a two part presupposition: (1) each state is a sovereign entity; and (2) "it is inherent in the nature of

6

sovereignty not to be amenable to the suit of an individual without its consent." THE FEDERALIST No. 81, at 487 (Alexander Hamilton) (Clinton Rossiter ed. 1961); *see Seminole Tribe of Florida v. Florida*, 116 S. Ct. 1114, 1122 (1996); *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Hans*, 134 U.S. at 13. Thus, "in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also, Papasan v. Allain*, 478 U.S. 265, 276 (1986). Further, as the Supreme Court made clear in *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989), the Eleventh Amendment bars suits against state officials sued in their official capacity. *See also*, *Hafer*, 502 U.S. at 25; *Graham*, 473 U.S. at 166-67.

At first glance, it would appear that defendants are not, in fact, state officials for purposes of Eleventh Amendment immunity. Under Michigan law, prosecutors are elected in county-wide elections and are paid by the county. Likewise, assistant prosecutors are county employees. *See generally* MICH. COMP. LAWS, Ch. 49. Because counties are not shielded from suit by the Eleventh Amendment, *see Mount Health City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977), defendants' status as county employees would seem to lead to the conclusion that the Eleventh Amendment does not bar this suit against them in their official capacities. However, in *Pusey v. City of Youngstown*, 11 F.3d 652 (6th Cir. 1993), the Sixth Circuit held that municipal prosecutors, even if "employed" by the municipality, are nonetheless state officials for purposes of the Eleventh Amendment when they are sued for actions taken in connection with a criminal prosecution. The court reasoned:

> While we agree with the parties that Cronin is employed by the City of Youngstown, we nevertheless conclude that plaintiff's suit must fail as Cronin acted on behalf of the state when she was prosecuting state criminal charges . . . . Clearly,

> state criminal laws . . . represent the policy of the state. Thus, a city official pursues her duties as a state agent when enforcing state law or policy. Because Cronin acts as a state agent when prosecuting state criminal charges, the suit against Cronin in her official capacity is to be treated as a suit against the state.

*Pusey*, 11 F.3d at 657-58 (citations omitted); *see also*, *McClendon v. May*, 37 F. Supp. 2d 1371, 1376 (S.D. Ga. 1999) (concluding that county prosecutors are state officials under Georgia law when they exercise their discretion in prosecutorial decisions). Here, Moody and Davis were acting in their prosecutorial roles as advocates for the state in enforcing state forfeiture laws. They are thus entitled to Eleventh Amendment immunity for plaintiff's claims against them in their individual capacities. This so even though their actions occurred in the course of a civil forfeiture proceeding rather than a criminal prosecution, because they were nonetheless acting as advocates for the state. *See Banda v. Burlington County*, No. 03-2045, 2006 WL 2739718, at *4 (D.N.J. Sept. 26, 2006), *aff'd*, 263 Fed. Appx. 182, 183 (3d Cir. 2008), *pet. for cert. filed*, No. 08-5112 (U.S. June 11, 2008). *See generally*, *In re AJ Contracting Co., Inc.*, 300 B.R. 182, 193 (Bankr. S.D.N.Y. 2003) (noting that courts apply a similar functional approach to Eleventh Amendment immunity as applied to prosecutorial immunity). Thus, regardless of whether the claims against defendants Moody and Davis are asserted against them in their individual or official capacities, they are immune from suit for their actions in initiating and prosecuting the forfeiture action.

D. *Conclusion*

In view of the foregoing, the Court should conclude that defendants Moody and Davis are entitled to absolute prosecutorial immunity with respect to plaintiff's claims against them in their individual capacities, and to Eleventh Amendment immunity with respect to plaintiff's claims against them in their official capacities. Accordingly, the Court should grant defendants' motion to dismiss.

III. <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 8/15/08

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on August 15, 2008.

s/Eddrey Butts
Case Manager