UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY OWENS,

                                                          CASE NO. 07-CV-13585-DT
                    Plaintiff,       JUDGE GERALD E. ROSEN
                                                           MAGISTRATE JUDGE PAUL J. KOMIVES

v.

ANDREW OSBOURNE,[1]
MICHIGAN STATE POLICE,
BRIAN T. MOODY,
CHARLES S. DAVIS and
MICHIGAN STATE POLICE
COMMISSIONER,

                    Defendants,
_____/

## REPORT AND RECOMMENDATION REGARDING OSBORNE'S, MUNOZ'S AND MICHIGAN STATE POLICE'S MOTION TO DISMISS (Doc. Ent. 17)

Table of Contents

I.      RECOMMENDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.     REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
       A.     Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
       B.     The Instant Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
       C.     The State Defendants' Motion to Dismiss . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
       D.     Fed. R. Civ. P. 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
       E.     The Court Should Grant in Part and Deny in Part the State Defendants' Motion to Dismiss. . . . 7
            1.     Plaintiff's Claims against defendant Michigan State Police should be dismissed. . . . . 7
            2.     Defendants Osborne and Munoz are sued in their individual and official capacities. . . 12
            3.     The issue of the state defendants' entitlement to qualified immunity should be addressed
                   following entry of plaintiff's first amended complaint. . . . . . . . . . . . . . . . . . . . . . . . 14
       F.     The Court Should Permit Plaintiff an Opportunity to Amend His Complaint, but the Court Should
            Deny Plaintiff's Request for Costs and Attorney Fees. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

III.    NOTICE TO PARTIES REGARDING OBJECTIONS: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

---

[1]Although it is spelled "Osbourne" in the caption of the complaint, Doc. Ent. 1 at 1, defendant's own filings spell his name as "Osborne." *See, i.e.*, Doc. Ent. 17 at 1.

**I.     RECOMMENDATION:** The Court should construe Osborne, Munoz and Michigan State Police's December 21, 2008 motion, titled a "motion for summary judgment," as a Rule 12(b) motion to dismiss and should grant in part and deny in part the motion. Specifically, the Court should grant the motion with respect to plaintiff's claims against defendant Michigan State Police. However, the Court should deny the motion with respect to its remaining arguments on the bases that (a) plaintiff sues defendants Osborne and Munoz in their individual and official capacities and (b) the issue of qualified immunity is best addressed after plaintiff files a first amended complaint. Furthermore, the Court should permit plaintiff an opportunity to amend his complaint.

**II.     REPORT:**

**A.     Background**

On or about January 17, 2007, Gary Owens filed his federal tax return, which denoted a $2,862.00 refund. Doc. Ent. 3 at 8 (Form 8879). Allegedly, the refund was mailed to him on February 16, 2007. Doc. Ent. 3 at 3. On February 16, 2007, Owens cashed a $2,501.05 cashier's check from HSBC Bank USA, N.A., on which appears the phrase, "Liberty Tax Service." Doc. Ent. 28 at 1.

This case emanates from a February 17, 2007 traffic stop, before which Owens alleges he was racially profiled by Osborne. Doc. Ent. 1 at 7 ¶ 8. Owens claims that Osborne confiscated $1,696.00 in United States currency, based upon the presence of a cigar and razor blade inside his 1999 Chrysler Concorde. Doc. Ent. 1 at 7 ¶ 8; Doc. Ent. 28 at 2 (Notice of Seizure and Intention to Forfeit [CIS-12]); Doc. Ent. 17-2 at 2-9 (Incident Report).

According to Osborne's Incident Report, Owens identified himself as Kenneth McQueen. Doc. Ent. 17-2 at 2.[2] The incident report indicates that Owens's arrest was based upon charges that he (1) was a federal fugitive on a weapons offense;[3] (2) drove while his license was suspended, revoked and/or denied (second offense) in violation of Mich. Comp. Laws § 257.904;[4] and (3) forged, altered and/or falsified an operating license in violation of Mich. Comp. Laws § 257.324.[5] Doc. Ent. 17-2 at 2-3.[6]

On or about March 1, 2007, Owens filed a notice of seizure claim. Doc. Ent. 17-2 at 19-20. Allegedly, a "Complaint for a Judgment of Forfeiture" was filed in Wayne County Circuit Court on April 11, 2007. Doc. Ent. 1 at 12 ¶ 16. More than two months later, on June 22, 2007, a consent judgment of forfeiture was signed by Shauetta Bell.[7] Doc. Ent. 28 at 3-4.

---

[2] Documents related to Kenneth Gui McQueen are attached to the pending dispositive motion. Doc. Ent. 17-2 at 11, 14-15,

[3] It appears that judgment for a violation of 18 U.S.C. § 922(g) (felon in possession of firearm) was entered against Owens on April 24, 2003. *United States of America v. Owens*, Case No. 02-CR-80840.

[4] Mich. Comp. Laws § 257.904 is titled, "Operator's or chauffeur's license or registration; suspension, revocation, or denial; penalty for operation of vehicle; subsequent offenses; confiscation of plates; status and record of persons[.]"

[5] Mich. Comp. Laws § 257.324 is titled, "Unlawful display, possession, alteration, of license, etc.; license obtained on basis of false statements; reapplication for license after voiding or cancellation of application[.]"

[6] However, plaintiff's complaint states that he "had no charges or traffic violations filed[.]" Doc. Ent. 1 at 16.

[7] Ms. Bell signed as a claimant and with power of attorney on behalf of claimant Gary Owens. Doc. Ent. 28 at 4. On February 1, 2008, she filed an affidavit which states in part, "the defendants put fear in me to sign." Doc. Ent. 22 at 1.

**B.     The Instant Complaint[8]**

On August 27, 2007, while incarcerated at the Federal Correctional Institution (FCI) Gilmer in West Virginia, Owens filed the instant, pro se verified civil rights complaint pursuant to 42 U.S.C. §§ 1983, 1985 and 1986. Doc. Ent. 1 at 1, 18. Defendants are Trooper Osborne, apparently of the Michigan State Police's District 2, Metro South Post #25, in Taylor, Michigan;[9] the Michigan State Police (State of Michigan State Troopers); Brian T. Moody and Charles S. Davis, both of the Wayne County Prosecutor's Office;[10] and the Commissioner of Michigan State Troopers, who this report assumes to be Col. Peter C. Munoz.[11] Doc. Ent. 1 at 5-6. Plaintiff seeks declaratory judgment, punitive damages, compensatory damages, and personal damages, as well as fees and costs. Doc. Ent. 1 at 17.

Judge Rosen has referred this case to me to conduct all pretrial matters. Doc. Ent. 11. It appears that plaintiff was released from the custody of the Federal Bureau of Prisons on December 14, 2007. *See* www.bop.gov, "Inmate Locator." On February 29, 2008, plaintiff filed a notice that his address had changed to 15516 Ardmoore, Detroit, Michigan 48227. Doc. Ent. 23.

---

[8]On December 18, 2007, Owens filed a complaint based upon an alleged July 4, 2006 illegal arrest. *Owens v. Matschikowski*, Case No. 2:07-CV-15375. A notice of seizure and intent to forfeit dated July 4, 2006 regarding $548.00 in currency is attached to defendants' dispositive motion. Doc. Ent. 17-2 at 18.

[9]Doc. Ent. 1 at 5 ¶ 4; www.michigan.gov/msp.

[10]Doc. Ent. 1 at 5-6; www.michbar.org, "Member Directory".

[11]Munoz is the Director of the Michigan State Police. *See* www.michigan.gov/msp.

On September 25, 2008, Judge Rosen entered an order which in part dismissed plaintiff's claims against Moody and Davis. Doc. Ent. 37. Therefore, the only remaining defendants are Osborne, Michigan State Police and Munoz.[12]

**C.      The State Defendants' Motion to Dismiss[13]**

Currently pending before the Court is defendants Osborne, Munoz, and Michigan State Police's December 21, 2007 motion to dismiss, which argues that (I) "plaintiff's claims against the Michigan State Police [must] be dismissed under the Eleventh Amendment[;]" (II) the Eleventh Amendment bars plaintiff's claims against defendants Osborne and Munoz in their official capacities and (III) plaintiff's claims are barred by qualified immunity where "there were no violations of any clearly established rights and the troopers acted reasonably in the circumstances." Doc. Ent. 17 at 3. Defendants seek entry of "an order dismissing Plaintiff's Complaint pursuant to [Fed. Rules Civ. P.] 12(b)(1) or (6)[.]" Doc. Ent. 17 at 12.

Ordinarily, the response to such a motion would have been due on or about January 11, 2008. E. D. Mich. LR 7.1(d)(1)(B). However, on January 8, 2008, I entered a scheduling order requiring plaintiff to file any response to this motion by March 7, 2008. Doc. Ent. 18. On the same day that I filed my scheduling order, plaintiff filed a motion for an extension of 30 days of time to respond to this motion. Doc. Ent. 20. This motion was deemed moot on January 10, 2008. Doc. Ent. 21. On February 29, 2008, plaintiff filed a motion for an extension of time to

---

[12]On December 7, 2007, defendants Michigan State Police, Osborne and Commissioner returned executed waivers of service. Their answers were due on December 24, 2007. Doc. Entries 13-15.

[13]Although it is titled a "motion for summary judgment," it is described as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Doc. Ent. 17 at 1-2, 12.

5

traverse the motion to dismiss. Doc. Ent. 24.[14] On August 6, 2008, I granted the motion for extension of time and set the response deadline for September 8, 2008. Doc. Ent. 31.

On August 15, 2008, I entered an order denying plaintiff's motion for the Court to take judicial notice, noting in part that "the Court may and will consider th[e] legal arguments in resolving the parties' various motions, the motion itself does not set forth any adjudicative facts appropriate for judicial notice under Rule 201." Doc. Ent. 34. I also entered an order conditionally granting plaintiff's motions for appointment of counsel. Doc. Ent. 35. On September 3, 2008, plaintiff filed another request for appointment of counsel, noting that he had been shot three times and has no use of his upper and lower body. The address on this letter is the Michigan Rehabilitation Institute, on Mack in Detroit. Doc. Ent. 36.

On October 29, 2008, I entered an order appointing counsel for plaintiff. Doc. Ent. 38. Shortly thereafter, on November 7, 2008, I entered an order requiring plaintiff to file any response by December 31, 2008. Doc. Ent. 39. On December 23, 2008, I filed an order permitting plaintiff to file his response no later than January 30, 2009. Doc. Ent. 40. Then, on January 16, 2009, I entered an order permitting plaintiff until March 31, 2009 by which to file a response. Doc. Ent. 41.

On March 30, 2008, plaintiff filed a response. Doc. Ent. 42. He requests that the Court (A) "deny Defendant's Motion for Summary Judgment," (B) "grant Plaintiff Owens leave to amend his complaint to (1) reiterate that he is suing Trooper Osbourne and Col. Munoz in their individual capacities and (2) to more fully and appropriately plead the various elements of each

---

[14] On May 5, 2008, plaintiff filed Exhibits B-D. Doc. Ent. 28.

of his causes of action," and (C) "award Plaintiff his costs and attorney fees incurred in seeking said relief[.]" Doc. Ent. 42 at 1.

**D.     Fed. R. Civ. P. 12**

Defendants filed their motion pursuant to Fed. Rules Civ. P. 12(b)(1) and 12(b)(6). Doc. Ent. 17 at 2. These rules provide that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction; . . . (6) failure to state a claim upon which relief can be granted[.]" Fed. Rules Civ. P. 12(b)(1) and 12(b)(6).

"A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, and opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion." Fed. R. Civ. P. 12(b).

**E.     The Court Should Grant in Part and Deny in Part the State Defendants' Motion to Dismiss.**

**1.     Plaintiff's Claims against defendant Michigan State Police should be dismissed.**

**a.**     The state defendants' first two arguments concern the Eleventh Amendment. Doc. Ent. 17 at 7-8, 8-9. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.

"There are . . . three qualified exceptions to Eleventh Amendment immunity[.]" *Lawson v. Shelby County*, TN, 211 F.3d 331, 334 (6th Cir. 2000). "First, a state may waive the protection

of the Amendment by consenting to the suit." *Lawson*, 211 F.3d at 334. "The second exception to the Eleventh Amendment bar is that Congress, under certain provisions of the Constitution, may abrogate the sovereign immunity of the states through statute." *Id*. "Under the third exception, a federal court may enjoin a 'state official' from violating federal law." *Id*. at 335 (citing *Ex parte Young*, 209 U.S. 123 (1908)).[15]

**b.** Defendants' first argument is that plaintiff has "sued the Michigan State Police in federal court for money damages under §1983[,] [and] [his] claims against the Michigan State Police [must] be dismissed under the Eleventh Amendment[.]" Doc. Ent. 17 at 7-8. Although the Eleventh Amendment expressly prohibits only suits against states by citizens of other states, the Supreme Court has long held that the Eleventh Amendment also bars suits by citizens of the state being sued. *See Hans v. Louisiana*, 134 U.S. 1 (1890); *Welch v. Texas Dep't of Highways and Public Transp.*, 483 U.S. 468, 472-73 (1987) (plurality opinion).

Plaintiff's 42 U.S.C. § 1983 claims against the Michigan State Police should be dismissed. To begin, as the state defendants point out, "[t]here is created a department of the state government which shall be known and designated as the Michigan state police[.]" Mich. Comp. Laws § 28.2. "[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984); *see also, Papasan v. Allain*,

---

[15]This is a limited exception to the Eleventh Amendment bar for suits against state officers in their official capacities which seek only prospective relief. To come within this exception, the relief sought by the plaintiff must (1) remedy a continuing violation of federal law; and (2) properly be characterized as prospective. *See Verizon Maryland, Inc. v. Public Service Commission of Maryland*, 535 U.S. 635, 645 (2002); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 73 (1996).

478 U.S. 265, 276 (1986); *Alabama v. Pugh*, 438 U.S. 781 (1978) ("[S]uit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [Michigan] has consented to the filing of such a suit.").

Furthermore, in *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989), the Supreme Court held that "a State is not a person within the meaning of § 1983." *Will*, 491 U.S. at 64. "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity, or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." *Will*, 491 U.S. 58, 66 (1989) (internal citation omitted). Also, the Supreme Court stated, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will*, 491 U.S. at 71 (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). "As such, it is no different from a suit against the State itself." *Id*. Ultimately the Supreme Court held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. 58, 71 (1989). *See also*, *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985).

The Court should also dismiss plaintiff's 42 U.S.C. §§ 1985 and 1986 claims against the Michigan State Police. Plaintiff's lawsuit is based upon 42 U.S.C. §§ 1983 ("Civil action for deprivation of rights"),[16] 1985 ("Conspiracy to interfere with civil rights")[17] and 1986 ("Action

---

[16]"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights,

9

for neglect to prevent").[18] Doc. Ent. 1 at 1. The "Legal Claims" portion of plaintiff's complaint mentions the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments. Doc. Ent. 1 at 6 ¶ 7.

---

privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia." 42 U.S.C. § 1983.

[17]"If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators." 42 U.S.C. § 1985(3) ("Depriving persons of rights or privileges").

[18]"Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued." 42 U.S.C. § 1986.

In response, plaintiff argues that "[d]efendants' motion for summary judgment as to the Michigan State Police fails to address several of plaintiff Owens' causes of action and therefore defendant Michigan State Police should not be dismissed." Doc. Ent. 42 at 10-11. Specifically, plaintiff asserts that "even assuming Defendant MSP is correct in its interpretation of 42 U.S.C. §1983 together with relevant case law, Defendant MSP has failed to address Plaintiff Owens' remaining claims [under 42 U.S.C. §§ 1985, 1986 and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments]." Doc. Ent. 42 at 10-11. Plaintiff argues that his case is distinguishable from *Will*, because he alleges "several claims in addition to §1983." It is plaintiff's position that defendant MSP has incorrectly extrapolated "the *Will* decision to include claims brought pursuant to 42 U.S.C. §1985 and simply fails to mention Plaintiff Owens' other numerous claims, including the claim brought pursuant to §1986." Doc. Ent. 42 at 11.

Although plaintiff argues that "even assuming Defendant MSP is entitled to summary judgment on some of Plaintiff Owens's claims, that Summary Judgment should be limited to the claims properly addressed by MSP, namely the § 1983 claim." Doc. Ent. 42 at 11, the Court may reach the same conclusion as to plaintiff's 42 U.S.C. §§ 1986 and 1986 claims against defendant Michigan State Police. *See Staples v. Franchise Tax Bd.*, 302 Fed.Appx. 651, 652 (9th Cir. 2008) ("The district court also properly dismissed Staples' remaining claims because the listed state agencies were not persons under 42 U.S.C. §§ 1983 or 1985, and they are entitled to Eleventh Amendment immunity[.]") (internal citations omitted); *Hines v. Mississippi Dept. of Corrections*, No. 00-60143, 2000 WL 1741624, 3 (5th Cir. Nov. 14, 2000) ("Congress has not chosen to abrogate the states' immunity for suits under §§ 1981, 1983, and 1985(3)[.]").

**2.     Defendants Osborne and Munoz are sued in their individual and official capacities.**

The defendants' second argument is that "[p]laintiff has named Trooper Osborne and 'Commissioner' Col. Munoz as defendants without specifying whether they are being sued in their official or individual capacity. Presuming that the Defendants have been sued in their official capacity, . . . the Eleventh Amendment bar[s] Plaintiff['s] claims against them[.]" Doc. Ent. 17 at 8-9. As defendants point out, "plaintiffs seeking damages under § 1983 [must] set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials." *Wells v. Brown*, 891 F.2d 591, 592 (6th Cir. 1989). "It is not too much to ask that if a person or entity is to be subject to suit, the person or entity should be properly named and clearly notified of the potential for payment of damages individually." *Wells*, 891 F.2d at 593 (citing *Brandon v. Holt*, 469 U.S. 464, 474 (1985)). "[A]bsent any indication that these defendants are being sued individually, we must assume that they are being sued in their official capacities[.]" *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991).

Plaintiff responds that "[t]he Eleventh Amendment does not bar plaintiff's claims against Trooper Osbourne and Col. Munoz because plaintiff has explicitly sued those defendants in their individual capacities." Doc. Ent. 42 at 11-14. Within this response, plaintiff contends that he "properly named Defendants in their individual capacities[,]" and "[p]olicy considerations support that Plaintiff's complaint was properly plead."

The Court should conclude that plaintiff is suing Munoz and Osborne in their individual and official capacities. Col. Peter C. Munoz is the Director of the Michigan State Police. *See* www.michigan.gov/msp. Osborne is a Michigan State Police Trooper. Doc. Ent. 17 at 1. Although the state defendants claim that "[p]laintiff's complaint does not specify if he is suing

12

Trooper Osborne and the 'Commissioner of Michigan State Troopers' Col. Munoz in their individual capacities[,]" Doc. Ent. 17 at 9, the caption of the complaint states that defendants are sued in their individual and official capacities. Doc. Ent. 1 at 1. Furthermore, this assertion is consistent with plaintiff's statement that jurisdiction is based, in part, upon "28 U.S.C. § 1332(a)(1) in that this action arises between citizens[.]" Doc. Ent. 1 at 2 ¶ 2B.[19]

However, some of plaintiff's claims against defendants Osborne and Munoz may be barred by the Eleventh Amendment. Here, it is important to note that the "Relief Requested" portion of plaintiff's complaint seeks a declaratory judgment, punitive damages, compensatory damages, personal damages, fees and costs and a jury trial. Doc. Ent. 1 at 17-18 ¶¶ 22-28. As the Supreme Court held in *Will*, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71. The Supreme Court explained, "[o]bviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Id.* (internal citation omitted).

Defendants Osborne and Munoz are state officials, and plaintiff's claims against them in their official capacities for damages are barred by the Eleventh Amendment. *Papasan v. Allain*, 478 U.S. 265, 278 (1986) ("Relief that in essence serves to compensate a party injured in the past by an action of a state official in his official capacity that was illegal under federal law is barred

---

[19]For this reason, this report and recommendation does not employ the "course of proceedings" test mentioned in plaintiff's response. Doc. Ent. 42 at 11-13; *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) ("while it is clearly preferable that plaintiffs explicitly state whether a defendant is sued in his or her 'individual capacity,' failure to do so is not fatal if the course of proceedings otherwise indicates that the defendant received sufficient notice.") (internal citation omitted).

even when the state official is the named defendant."). Yet, "state officials sued in their individual capacities are 'persons' for purposes of § 1983." *Hafer v. Melo*, 502 U.S. 21, 23 (1991).

However, the Supreme Court went on to explain, "[o]f course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will*, 491 U.S. at 71 n.10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167, n. 14 (1985); *Ex parte Young*, 209 U.S. 123, 159-160 (1908)). (citations omitted). Therefore, to the extent Osborne and Munoz are sued in their official capacities, plaintiff may seek injunctive relief.[20]

3. **The issue of the state defendants' entitlement to qualified immunity should be addressed following entry of plaintiff's first amended complaint.**

Defendants' third and final argument concerns qualified immunity. The Sixth Circuit has stated that the qualified immunity inquiry requires a three-step analysis: (1) has plaintiff alleged a violation of a constitutional right?; (2) if so, was that right clearly established at the time of the alleged conduct?; and (3) if the right was clearly established, has plaintiff alleged and sufficiently supported that the official actions were objectively unreasonable in light of this clearly established right? *See Dickerson v. McClellan*, 101 F.3d 1151, 1157-58 (6th Cir. 1996).[21]

---

[20]Within this argument, defendants correctly assert that a 42 U.S.C. § 1983 claim against the Michigan State Police or Munoz cannot be based solely upon respondeat superior. Doc. Ent. 17 at 9 (citing *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978)). In *Monell*, the Supreme Court held that "a municipality cannot be held liable solely because it employs a tortfeasor-or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691.

[21]*See also Saucier v. Katz*, 533 U.S. 194 (2001), wherein the Supreme Court stated, "A court required to rule upon the qualified immunity issue must consider, then, this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the

However, as defendants note, "state public defenders are not immune from liability under § 1983 for intentional misconduct, 'under color of' state law, by virtue of alleged conspiratorial action with state officials that deprives their clients of federal rights." *Tower v. Glover*, 467 U.S. 914, 923 (1984). "Once the qualified immunity defense is raised, the burden is on the plaintiff to demonstrate that the officials are not entitled to qualified immunity." *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006) (citing *Barrett v. Steubenville City Schs.*, 388 F.3d 967, 970 (6th Cir.2004)).

Specifically, the state defendants argue that "there were no violations of any clearly established rights and the troopers acted reasonably in the circumstances." Doc. Ent. 17 at 9-12. In support of this argument, the state defendants assert:

> In this case, Trooper Osborne stopped Plaintiff's vehicle on the Interstate at night while traveling on a dark section of Interstate 94. Trooper Osborne could not have known the driver's race at the time he initiated the stop. Further, Plaintiff acknowledged—on camera—that his vehicle was "drifting" due to the new rims on the car and failed to produce a valid driver's license when asked. Drivers are required to show driver's licenses, and failure to do so when asked is grounds for

---

officer's conduct violated a constitutional right? This must be the initial inquiry." *Saucier*, 533 U.S. at 201 (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity. On the other hand, if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established." *Saucier*, 533 U.S. at 201. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id*. at 202.

      Earlier this year, the Supreme Court stated, "[a]lthough we now hold that the *Saucier* protocol should not be regarded as mandatory in all cases, we continue to recognize that *it is often beneficial*." *Pearson v. Callahan*, 129 S.Ct. 808, 818 (2009) (emphasis added).

15

> arrest.[22]  Accordingly, Trooper Osborne had probable cause to stop Plaintiff's vehicle and to arrest Plaintiff, and so Trooper Osborne's actions were reasonable and did not violate any clearly established right of the Plaintiff.
>
> Further, Trooper Osborne had more than sufficient probable cause to initiate forfeiture proceedings based on the information available to him and detailed earlier in this brief.  In addition, Plaintiff was free to oppose the forfeiture if he believed he had a legitimate claim to the currency.  Consequently, the filing of CIS-12 forfeiture form did not violate Plaintiff's clearly established rights, and a reasonable officer in Trooper Osborne's position could reasonably have believed that forfeiture was appropriate.

Doc. Ent. 17 at 11.  Defendants contend that "[b]ecause Plaintiff's clearly established [rights] were not violated and Trooper Osborne's actions were reasonable, Trooper Osborne is entitled to qualified immunity and Plaintiff's complaint must be dismissed under [Fed. Rules Civ. P. 12(b)(1) and 12(b)(6)]."  Doc. Ent. 17 at 12.

Plaintiff responds that defendant Osborne "is not entitled to qualified immunity because (1) of his multiple violations of plaintiff's clearly established rights, and (2) a reasonable Officer in defendant Osbourne's position should have known that such conduct violated plaintiff's rights."  Doc. Ent. 42 at 14-16.  Specifically, plaintiff contends that defendant Osborne "is not entitled to qualified immunity because a reasonable officer in his position should have known that his intentional theft of Plaintiff's property and denial of his liberty violated Plaintiff's clearly established [rights]."  Doc. Ent. 42 at 14.

The defense of qualified  immunity should only be addressed after determining whether plaintiff has stated a constitutional claim upon which relief can be granted.  "[T]he better approach is to resolving cases in which the defense of qualified immunity is raised is to determine first whether the plaintiff has alleged a deprivation of a constitutional right at all.

---

[22]Here, defendants refer to Mich. Comp. Laws §§ 257.301 and 257.311.

Normally, it is only then that a court should ask whether the right allegedly implicated was clearly established at the time of the events in question." *County of Sacramento v. Lewis*, 523 U.S. 833, 842 n.5 (1998), citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991).

Therefore, in light of the Supreme Court's direction in *County of Sacramento* and my foregoing recommendation that the Court grant plaintiff's request to amend his complaint, the issue of defendants' entitlement to qualified immunity should be addressed following the entry of plaintiff's first amended complaint.

**F.  The Court Should Permit Plaintiff an Opportunity to Amend His Complaint, but the Court Should Deny Plaintiff's Request for Costs and Attorney Fees.**

Additionally, plaintiff replies that "[j]ustice requires the Court to grant plaintiff . . . leave to amend his complaint." Doc. Ent. 42 at 16-17. As plaintiff points out, Fed. R. Civ. P. 15 provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); Doc. Ent. 42 at 16. "In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). As previously noted, plaintiff seeks leave to amend his complaint "to (1) reiterate that he is suing Trooper Osbourne and Col. Munoz in their individual capacities and (2) to more fully and appropriately plead the various elements of each of his causes of action." Doc. Ent. 42 at 17.

The Court should grant plaintiff's request and permit him an opportunity to amend the original complaint. To begin, plaintiff represented himself at the inception of this case; however,

he is now represented by counsel. On October 29, 2008, I entered an order appointing Andrew W. Erlewein, Esq. to represent plaintiff. Doc. Ent. 38. Since the entry of that order, attorney Alan G. Gilchrist has filed an appearance on plaintiff's behalf. Doc. Ent. 43. Given my foregoing conclusions and the rationality of the reasons supporting plaintiff's counsel's request to amend, the Court should grant plaintiff's request.[23]

Also, it appears that defendants do not oppose the request to amend. Plaintiff's counsel has filed a response to the instant motion on plaintiff's behalf, within which plaintiff's request to amend appears. Although this request did not appear in a separate Fed. R. Civ. P. 15(a) motion to amend the complaint, to which the state defendants may have filed a response, the state defendants have not filed a reply to the response in which this request appears. E. D. Mich. LR 7.1(d)(1)(C). Therefore, the Court can only assume that the state defendants are not opposed to permitting plaintiff's counsel to filed an amended complaint.

However, the Court should deny plaintiff's request for an award of "his costs and attorney fees incurred in seeking said relief[.]" Doc. Ent. 42 at 1. Although it was clear from the

---

[23] It has been stated in the context of a 42 U.S.C. § 1983 action that "before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (citation omitted). *See also Barreto v. Dillon*, No. 06-0962-CV, 2007 WL 4102742, *1 (2d Cir. Nov. 19, 2007) ("a pro se plaintiff should be afforded an opportunity to amend his complaint prior to its dismissal for failure to state a claim unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.") (citing, *inter alia*, 28 U.S.C. § 1915(e)(2)(B)(ii)); *Dopp v. Loring*, 54 Fed. Appx. 296, **2 (10th Cir. 2002) ("The district court, therefore, erred in dismissing plaintiff's complaint with prejudice without first giving him an opportunity to amend his complaint to cure any deficiencies."); *Stanko v. Fisher*, No. 94-35503, 1995 WL 72398 (9th Cir. Feb. 22, 1995) (in a 42 U.S.C. § 1983 case, "[b]efore dismissing a complaint for failure to state a claim, the district court should notify the pro se plaintiff of the complaint's deficiencies and provide the plaintiff an opportunity to amend.") (citation omitted).

face of the complaint that plaintiff was suing defendants "as 'individuals' and in their official capacities[,]" Doc. Ent. 1 at 1, it is not clear that defendants' arguments were presented to the Court in bad faith. If anything, when amending his complaint, plaintiff will have the benefit of knowing those items with which defendants took issue.

### III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives

PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated 4/24/09

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record  by electronic means or U.S. Mail on April 24, 2009.
>
> s/Eddrey Butts
> Case Manager